# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILAGRO AYALA,<br><br>                    Plaintiff,<br><br>          v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. CV 09-3238-JEM<br><br>AMENDED MEMORANDUM OPINION<br>AND ORDER AFFIRMING DECISION OF<br>COMMISSIONER |

## PROCEEDINGS

On May 8, 2009, Milagro Ayala ("Plaintiff") filed a Complaint seeking review of the decision by the Commissioner of the Social Security Administration  ("Commissioner") denying in part Plaintiff's application under Title II of the Social Security Act for Social Security Disability Insurance benefits ("SSDI").  On July 27, 2009, the Commissioner filed an Answer to the Complaint.  On November 12, 2009, the parties filed a Joint Stipulation ("JS") setting forth their positions and the issues in dispute.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the Magistrate Judge.  The matter is now ready for decision.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed.

**BACKGROUND**

Plaintiff was born on April 3, 1950 (AR 149), and she was 53 years old at the time of her alleged disability onset date of May 28, 2003. (See AR 29.) Plaintiff has past relevant work at McDonald's as a fast food cook, a fast food worker, and a janitor; and Plaintiff has also worked at another job as a packer. (See AR 40, 351-52.) Plaintiff has not engaged in substantial gainful activity since her alleged onset date. (AR 29.) On April 3, 2005, the plaintiff turned 55 years old; and the Administrative Law Judge ("ALJ") noted that her age category changed from an individual "closely approaching advance age" to an individual of "advanced age" on that date. (AR 40, citing 20 C.F.R. § 404.1563.)

On June 28, 2004, Plaintiff filed her application for SSDI benefits. (See AR 119-41.) Plaintiff claimed that she was disabled due to a back condition, injuries to both knees, diabetes, high blood pressure, a heart condition, and high cholesterol. (AR 143.)

On September 20, 2005, a hearing was held before an ALJ, and a Vocational Expert ("VE") testified at that hearing. (See AR 52, 339-369.) On January 19, 2006, the ALJ issued a decision finding that Plaintiff was disabled, stating that "[b]ased on the claimant's age on April 3, 2005, the relevant Medical-Vocational rule as of April 3, 2005 is 202.02, directing a finding of 'disabled.'"[1] (AR 60.) However, the ALJ noted that the VE testified that prior to that date Plaintiff could perform other unskilled work at a modified light exertional level with the help of a stool that would allow Plaintiff to sit for up 6 hours a day, such as a

---

[1] The Medical-Vocational Guidelines, also known as "the grids," are set forth at 20 C.F.R. Part 404, Subpart P, App. 2, §§ 200.00-204.00. The grids are guidelines setting forth "the types and number of jobs that exist in the national economy for different kinds of claimants. Each rule defines a vocational profile and determines whether sufficient work exists in the national economy. These rules represent the [Commissioner's] determination, arrived at by taking administrative notice of relevant information, that a given number of unskilled jobs exist in the national economy that can be performed by persons with each level of residual functional capacity." Chavez v. Dep't of Health & Human Servs., 103 F.3d 849, 851 (9th Cir. 1996) (citations omitted).

1  cashier, as described in the Dictionary of Occupational Titles ("DOT") no. 211.462-010, or a

2  counter clerk, DOT no. 249.366-010.[2]  (AR 58-59, 354-355.)

3          Plaintiff appealed the ALJ's decision to the Social Security Administration's Appeals

4  Council; and on March 29, 2007, the Appeals Council issued an "Affirmation and Order,"

5  directing that the case be remanded to the ALJ "on the issue of disability before April 3,

6  2005."  (AR 91-93.)  In particular, the Appeals Council directed the ALJ to consider on

7  remand the opinions of Dr. Eric Fromer, a chiropractor who had treated Plaintiff; to evaluate

8  further Plaintiff's obesity and subjective complaints pursuant to the Social Security

9  Regulations ("SSRs"); to consider further Plaintiff's maximum Residual Functional Capacity

10  ("RFC"); and, if warranted by the expanded record, to obtain testimony from a Vocational

11  Expert ("VE") as to whether Plaintiff has acquired any skills that are transferable to other

12  occupations under the guidelines in the SSRs.[3][4]  (AR 91-93.)

13          On September 25, 2007, another hearing was held before the same ALJ who

14  conducted the first hearing.  (See AR 370-391.)  A new VE apparently was present at that

15  second hearing but did not testify. (See AR 370.)  On October 4, 2007, the ALJ issued a

16  decision on the remanded case, finding once again that Plaintiff was not disabled before

17  April 3, 2005.  (See AR 27-42.)  The ALJ found that Plaintiff had the following severe

18  _____

19      [2]  The Dictionary of Occupational Titles is the Commissioner's primary source of reliable
20  vocational information.  Johnson v. Shalala, 60 F.3d 1428, 1434 n.6 (9th Cir. 1995).

21      [3]  SSRs, according to the governing regulations, "are binding on all components of the
    Social Security Administration" and "represent precedent final opinions and orders and
22  statements of policy and interpretations" of the SSA.  Bray v. Comm'r of Soc. Sec. Admin.,
23  554 F.3d 1219, 1224 (9th Cir. 2009) (citation omitted).  SSRs reflect the official
    interpretation of the SSA and are entitled to "some deference" as long as they are
24  consistent with the Social Security Act and regulations." Bray, id. (citation and internal
    quotation marks omitted).  SSRs do not carry the "force of law," but they are binding on
25  ALJs nonetheless.   Bray, id. (citing Quang Van Han v. Bowen, 882 F.2d 1453, 1457 & n.6
26  (9th Cir. 1989)).

27      [4]  Residual functional capacity is what one "can still do despite [his or her] limitations"
    and represents an assessment "based on all the relevant evidence." 20 C.F.R.
28  §§ 404.1545(a)(1),

1   impairments: "mild meniscal degenerative changes of the right knee, mild degenerative

2   changes of the back, diabetes mellitus, and obesity (20 C.F.R. [§] 404.1520(c))."  (AR 29.)

3   In light of these impairments, the ALJ found that Plaintiff could not perform her past relevant

4   work.  (AR 40.)  However, the ALJ found that Plaintiff retained the RFC to perform work at

5   the "light exertional level, with additional limitations," stating "[t]his may involve lifting and/or

6   carrying 20 pounds occasionally and 10 pounds frequently, standing and/or walking for up to

7   2 hours in an 8-hour workday, and sitting for up to 6 hours in an 8-hour workday."  (AR 37.)

8   The ALJ noted that Plaintiff was 53 years old on the alleged disability onset date, May 15,

9   2003, and a person of that age was defined as an individual "closely approaching advanced

10  age" under the grids.  (AR 40.)  Based on the facts as the ALJ presented them to the VE at

11  the first hearing, the ALJ again relied on the VE's opinion that, given Plaintiff's age,

12  education, work experience, and RFC, Plaintiff "would have been able to perform the

13  requirements of representative occupations such as that of a cashier, DOT section 211.462-

14  010, light exertion, with a[n] SVP rating of 2, 13,000 jobs available locally and 250,000 jobs

15  available nationally; or a counter clerk, DOT section 249.366-010, light exertion, with a[n]

16  SVP rating of 2, 1,500 jobs available locally and 25,000 jobs available nationally."  (See AR

17  41, 354-55.)  The ALJ's decision also noted that, pursuant to SSR 00-4p, the VE's testimony

18  was consistent with the information contained in the DOT.  (AR 41.)

19      Plaintiff filed a timely Request for Review from the ALJ's October 4, 2007, decision.

20  (AR 19-20.)  The Appeals Council denied Plaintiff's Request for Review.  (AR 8-10.)  As

21  noted, on May 8, 2009, Plaintiff filed the instant action.

22  ///

23  ///

24  ///

25  ///

26  ///

27

28

4

**DISPUTED ISSUE**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issue as a ground for reversal or remand of the ALJ's decision:

1.      Whether the ALJ properly denied the Plaintiff's application at step five of the sequential evaluation (20 C.F.R. § 416.920), where the ALJ found that Plaintiff has the RFC for light work "with additional limitations," and where the VE testified that plaintiff could perform the jobs of cashier or counter clerk, classified as light work in the DOT, with the help of a stool to sit 6 hours a day; or whether the VE's modification of these lights jobs effectively reduced them to sedentary jobs, which under the grids would direct a finding of disabled.  (See JS at 3 et seq.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "'more than a mere scintilla' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (internal quotations and citations omitted).  This Court must review the record as a whole and consider adverse as well as supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins, 466 F.3d at 882 (quoting

5

1    Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d

2    625, 630 (9th Cir. 2007).

3

4                                    **DISCUSSION**

5           The Court concludes that the ALJ's determination that Plaintiff was not disabled prior

6    to April 3, 2005, is supported by substantial evidence and free of legal error.

7           **A.     The Sequential Evaluation**

8           The Social Security Act defines disability as the inability "to engage in any substantial

9    gainful activity by reason of any medically determinable physical or mental impairment

10   which can be expected to result in death or . . . can be expected to last for a continuous

11   period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The

12   Commissioner has established a five-step sequential process to determine whether a

13   claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

14          The first step is to determine "whether the claimant is presently engaging in

15   substantially gainful activity."  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the

16   claimant is engaging in substantially gainful activity, disability benefits will be denied.

17   Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the

18   claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at 746.

19   An impairment is not severe if it does not significantly limit the claimant's ability to work.

20   Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).  The ALJ, however, must consider

21   the combined effect of all the claimant's impairments on his or her ability to function,

22   regardless of whether each alone is sufficiently severe.  Id.  Also, the ALJ must consider the

23   claimant's subjective symptoms in determining severity.  Id.

24          Third, the ALJ must determine whether the impairment is listed, or equivalent to an

25   impairment listed, in Appendix I of the Social Security Regulations.  Parra, 481 F.3d at 746.

26   If the impediment meets or equals one of the listed impairments, the claimant is

27   presumptively disabled.  Bowen, 482 U.S. at 141.

28

1    Fourth, the ALJ must determine whether the impairment prevents the claimant from

2  doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).  If the

3  claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and

4  must determine whether the impairment prevents the claimant from performing any other

5  substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

6    The claimant bears the burden of proving steps one through four, consistent with the

7  general rule that, at all times, the burden is on the claimant to establish his or her

8  entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established

9  by the claimant, the burden shifts to the Commissioner to show that the claimant may

10  perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

11    **B.    VE's Modification of Light Exertional Level for Cashier, Clerk Jobs.**

12    As noted, Plaintiff argues that the VE's modification of the cashier and counter clerk

13  jobs to allow for use of a stool for sitting 6 hours a day "has essentially stated that these

14  occupations would be modified to a sedentary position."  (JS at 5.)  Plaintiff argues that she

15  lacks the physical ability to perform the prolonged standing and/or walking required for these

16  occupations.  (JS at 9.)  Plaintiff argues that "[t]he DOT descriptions of the two occupations

17  identified demonstrates that the jobs have been characterized as light not because of the

18  lifting requirements, which [are] negligible, but because they require walking or standing to a

19  significant degree."  (JS at 9-10.)  Plaintiff argues that "[t]he availability of unskilled

20  sedentary work is irrelevant to the decision as of May 28, 2003," since application of grid

21  Rule 201.14 should be mandatory where a claimant is only capable of a limited range of

22  sedentary work.  (JS at 5, citing 20 C.F.R. part 404, subpart P, Appendix 2, Rule 201.14;

23  SSR 83-5a; Distasio v. Shalala, 47 F.3d 348, 350 (9th Cir. 1995); and Cooper v. Sullivan,

24  880 F.2d 1152, 1156-57 (9th Cir. 1989)).

25    Defendant acknowledges that Plaintiff's RFC limits her to standing and walking for up

26  to 2 hours out of an 8-hour workday, and therefore the range of light work that Plaintiff can

27  perform is reduced.  (JS at 6, citing AR 37.)  Defendant concedes that "if Plaintiff were

28

1   limited to sedentary work, the grids would direct a finding that Plaintiff is disabled." (JS at

2   6.) However, Defendant argues that the ALJ properly relied on the VE to resolve the issue

3   of whether plaintiff could do modified light work. (JS at 6-7, citing SSR 83-12.) Defendant

4   argues that a VE "can testify whether particular applicants for disability benefits would be

5   able to perform subcategories of jobs within the DOT." (JS at 8, citing Distasio and

6   Moncada v. Chater, 60 F.3d 521, 524 (9th Cir. 1995)). "[B]ecause Plaintiff's RFC fell

7   between two Grid rules, the ALJ properly determined Plaintiff's occupational base by

8   consulting a VE regarding whether a person with Plaintiff's vocational profile could perform

9   work." (JS at 8, citing Thomas v. Barnhart, 278 F.3d 947, 960-61 (9th Cir. 1999)).

10           **C.    ALJ's Determination at Step Five Was Proper and Supported.**

11          Because Plaintiff has established that she is not able to perform her past relevant

12   work at step four, the Commissioner has the burden at step five of showing that Plaintiff

13   could perform other work that exists in significant numbers in the national economy.

14   Lounsbury v. Barnhart, 468 F.3d at 1114-15. The Commissioner can meet this burden in

15   two ways:  (1) through the testimony of a VE or (2) by reference to the Medical-Vocational

16   Guidelines, that is, the grids. See Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001);

17   Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d at 1223 (in making a step five determination,

18   ALJ may rely on grids at 20 C.F.R. Part 404, Subpart P, App. 2).

19          The grids provide a system "for disposing of cases that involve substantially uniform

20   levels of impairment." Desrosiers v. Sec'y of Health & Human Services, 846 F.2d 573, 578

21   (9th Cir. 1988) (Pregerson, J., concurring). The grids correlate a claimant's age, education,

22   previous work experience, and RFC to direct a finding of disabled or not disabled, without

23   the need of testimony from vocational sources or vocational experts. See SSR 83-12; see

24   also Cooper v. Sullivan, 880 F.2d at 1155; Heckler v. Campbell, 461 U.S. 458, 461 (1983)

25   (Brennan, J., concurring) (ALJ has duty of inquiry in case under grids to inquire into

26   exertional limitations that prevent full range of work).

27

28

However, the grids only apply "where they <u>completely and accurately</u> represent a claimant's limitations."  <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1101 (9th Cir. 1999) (emphasis in original); <u>see also Heckler</u>, 461 U.S. at 462 n.5.  The Program Policy Statement at SSR 83-12 sets out the process of using the numbered rules in the Grids for those claims in which the exertional components of a claimant's RFC are less or greater than those of a specifically defined exertional range of work.  SSR 83-12.  The grids do not direct a disability conclusion when an individual's exertional RFC does not coincide with the exertional criteria of any one of the external ranges, <u>i.e.</u>, sedentary, light, and medium, as defined in sections 404.1567 and 416.967 of the regulations.  <u>See</u> SSR 83-12; <u>see also</u> SSR 83-10 (where one or more criteria of a grid rule are not met, no decision is directed; instead, the rules are used as guidance for decisionmaking).  "In some instances, an individual can do a little more or less than the exertion specified for a particular range of work; <u>e.g.</u>, the person is considered to be physically capable of meeting the exertional demands of light work except that he or she can lift no more than 15 pounds at a time rather than 20 pounds, or he or she can fully meet the exertional demands of light work and can also perform part of the greater lifting requirement of medium work (such as up to 30 pounds at a time rather than 50 pounds at a time)."  SSR 83-12.

If a claimant's exertional level falls between two rules which direct opposite conclusions under the Grids, <u>i.e.</u>, "not disabled" at the higher exertional level and "disabled" at the lower exertional level, and the claimant's exertional limitations are somewhere "in the middle" in terms of the regulatory criteria for exertional ranges of work, assistance of a vocational specialist ("VS"), such as a VE, is advisable.  <u>See</u> SSR 83-12.  In such situations, "more difficult judgments are involved as to the sufficiency of the remaining occupational base to support a conclusion as to disability"; and it is advisable for the ALJ to consult with a vocational source, such as a VE, "[w]here the extent of erosion of the occupational base is not clear."  SSR 83-12.  A VE can assess the effect of any limitation on the range of work at issue (<u>e.g.</u>, the potential occupational base); advise whether the impaired person's RFC

permits her to perform substantial numbers of occupations within the range of work at issue;
identify jobs which are within the RFC, if they exist; and provide a statement of the incidence
of such jobs in the region in which the person lives or in several regions of the country.
See 83-12, Adjudicative Guidance.  See also Bray, 554 F.3d at 1223, n.4 (where claimant is
not capable of performing entire range of work included in one of the categories on the
grids, further consideration must be given to types of work that may be precluded; and in
such cases, ALJ may use grids as "framework" to make determination of what work
claimant is capable of performing) (citing Hoopai v. Astrue, 499 F.3d 1071, 1075 (9th Cir.
2007)); Moore v. Apfel, 216 F.3d at 870 (SSR 83-12 directs ALJ to obtain VE testimony
where claimant's exertional limitations put claimant between two grid rules).

With the foregoing authorities in mind, this Court begins its analysis by noting that
neither party here contends that Plaintiff has nonexertional limitations which concern the
disputed issue; neither party here explicitly discusses whether Plaintiff's standing limitations
amount to a solely exertional limitation, or a nonexertional limitation, or some combination of
an exertional and nonexertional limitation; and neither party here cites this Court to SSR 83-
14, which concerns using the grids to evaluate a combination of exertional and
nonexertional impairments.[5]  While the ALJ did state to the VE that Plaintiff has "occasional
postural limitations" (see AR 352), Plaintiff does not challenge the ALJ's finding that she has
the RFC to perform light work "with additional limitations."  In particular, while Plaintiff
argues that the VE's modification of the cashier and counter clerk jobs to allow for the use of
a stool effectively reduces these jobs to a sedentary exertional level, Plaintiff does not raise

---

[5]  This Court notes that, generally speaking, a sitting limitation may be classified as an exertional impairment.  See 20 C.F.R. § 404.1569a(b) (sitting limitation is an exertional impairment).  However, where difficulty in sitting is due to a "postural limitation," the sitting limitation may be classified as a non-exertional limitation.  See Raymond v. Astrue, 280 Fed. Appx. 595, 597-98 (9th Cir. 2008) (claimant's difficulty with sitting due to postural limitations was significant non-exertional limitation limiting ability to perform full range of sedentary work; and ALJ was therefore required to take testimony of VE to determine if claimant was capable of perform any work in national economy) (citing Tackett v. Apfel, 180 F.3d at 1003-04.  This Court also notes that where a plaintiff has a combination of severe exertional and non-exertional impairments, use of the grids is generally not permitted.  See, e.g., Hoopai v. Astrue, 499 F.3d at 1075.

1   more than a conclusory argument that she has the RFC to perform these jobs, and Plaintiff

2   does not dispute that these jobs exist in significant numbers in the local and national

3   economies.  In particular, Plaintiff does not cite this Court to any medical evidence in the

4   record to dispute the ALJ's assessment that Plaintiff has the RFC to perform light work with

5   additional limitations.

6          This Court also notes that Plaintiff's lifting and carrying capabilities clearly exceed

7   sedentary levels and meet modified light levels.  Under 20 C.F.R. § 404.1567, "[l]ight work

8   involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects

9   weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this

10  category when it requires a good deal of walking or standing, or when it involves sitting most

11  of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. § 404.1567(b)

12  (emphasis added).  "Sedentary work involves lifting no more than 10 pounds at a time and

13  occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a

14  sedentary job is defined as one which involves sitting, a certain amount of walking and

15  standing is often necessary in carrying out job duties. Jobs are sedentary if walking and

16  standing are required occasionally and other sedentary criteria are met."  20 C.F.R.

17  § 404.1567(a).  Thus, as this Court reads the regulations, light work is not precluded even

18  where such work "involves sitting most of the time."  See 20 C.F.R. § 404.1567(b).

19         In light of these considerations, it must be found that the ALJ properly relied on the

20  VE's testimony, pursuant to SSR 83-12, and resolved the issue of whether Plaintiff's RFC,

21  as modified, allowed her to perform the cashier or counter clerk jobs.  Since Plaintiff's

22  standing limitations precluded her from doing some, but not all, of the range of "light work,"

23  the ALJ properly turned to the VE for testimony about how Plaintiff's standing limitations

24  would impact her ability to do the cashier and counter clerk jobs or erode the remaining

25  occupational base for such jobs.  See 83-12.  Where, as here, the VE's testimony

26  established that, in spite of the erosion of the occupational base due to Plaintiff's limitations,

27  there were still a significant number of jobs available, the ALJ's methodology was proper

28  and the ALJ's decision was supported by substantial evidence.  See, e.g., Moore v. Apfel,

216 F.3d at 870 (pursuant to SSR 83-12, when claimant' exertional limitations fall between two grids, consultation with VE is appropriate).

The authorities cited by Plaintiff are all distinguishable.  SSR 83-5a states that the grid rules "are conclusive where the necessary findings with regard to each individual establish that a particular rule is met."  SSR 83-5a.  Here, however, Plaintiff's standing limitations raised a question about whether Plaintiff's RFC was lesser or greater than the specifically defined exertional ranges of light work and sedentary work described in the grids.  In such a circumstance, the ALJ properly can call and rely on a VE to provide testimony about the extent of any erosion of the occupational base and assess its significance.  See 83-12; see also Tackett, 180 F.3d at 1101 (grids only apply where they completely and accurately represent a claimant's limitations); Moore v. Apfel, 216 F.3d at 870.

As Defendant notes, Plaintiff's reliance on Distasio v. Shalala is also misplaced.  In Distasio, the VE testified that Distasio could perform only sedentary jobs, despite the ALJ's finding that Distasio could perform light work.  See Distasio, 47 F.3d at 349.  The court in Distasio held that claimant Distasio must be considered limited to sedentary work because the Commissioner produced no evidence that Distasio was capable of light work, and therefore the grids required a finding that Distasio was disabled.  Distasio, 47 F.3d at 349-50 (citing Cooper v. Sullivan, 880 F.2d at1157).  Here, in contrast, the VE did not contradict the ALJ's determination that Plaintiff had the RFC for light work with additional limitations, and the VE provided evidence of two jobs that Plaintiff could perform in spite of her limitations.  Furthermore, as the court in Distasio noted, a VE "can testify whether particular applicants for disability benefits would be able to perform subcategories of jobs within the DOT."  Distasio, 47 F.3d at 350; see also Moncada v. Chater, 60 F.3d 521, 524 (9th Cir. 1995).  Because the VE here did not find that Plaintiff was exclusively limited to sedentary work, but rather properly considered whether Plaintiff could perform a "sub-category" of the cashier or counter clerk jobs, and because the VE properly considered whether that sub-category of

1  jobs existed in the economy in significant numbers, Plaintiff's reliance on <u>Distasio</u> is
2  unavailing.

3        Likewise, Plaintiff's reliance on <u>Cooper v. Sullivan</u> is also misplaced.  First, <u>Cooper</u>
4  did not cite to or discuss SSR 83-12.  The <u>Cooper</u> case involved an unskillled worker of
5  advanced age with a high school education who was only capable of performing light or
6  sedentary work, and who suffered from a combination of exertional and nonexertional
7  impairments.  <u>See Cooper</u>, 880 F.2d at 1156-57.  Application of the grids would have
8  directed a finding that the claimant was disabled in both the light and sedentary categories.
9  <u>See id.</u>  The Ninth Circuit found that the ALJ erred by relying on the VE's testimony that the
10 claimant could perform other jobs in spite of the fact that the grids dictated a finding of
11 "disabled" if the Plaintiff could only perform, at most, light work.  <u>Id.</u> at 1157-59.  Here, in
12 contrast, the Plaintiff was "closely approaching advanced age," and the grids would have
13 directed a finding of "not disabled" if Plaintiff were capable of performing light work, but a
14 contrary finding of "disabled" if Plaintiff could perform only sedentary work.  In such a
15 circumstance, the regulations and case law hold that it is proper for the ALJ to take and rely
16 on a VE's testimony regarding the availability of other jobs where the claimant is only
17 capable of performing a modified range of work as described in one of the grid categories.
18 <u>See</u> 83-12; <u>Bray</u>, 554 F.3d at 1223, n.4  (ALJ may use grid as "framework"); <u>Moore v. Apfel</u>,
19 216 F.3d at 870 (ALJ may take VE testimony where claimant's exertional limitations are
20 between two grid rules).[6]

21
22    [6]  This Court also notes that in <u>Cooper</u> an issue was presented as to whether the
23 claimant was entitled to benefits for a prior period of time before she reached "advanced age"  when she was "closely approaching advanced age."  <u>See Cooper</u>, 880 F.2d at 1158.
24 The Court in <u>Cooper</u> noted that, under the grid rules, if limited to sedentary work, the claimant would be disabled, but if capable of light work, the claimant would not be disabled.
25 <u>See id.</u>  The Court stated that "[t]he record in this case does not make clear whether
26 Mrs. Cooper can perform the full range of light work"; and consequently the court remanded the case for further proceedings.  <u>Id.</u>  Thus, <u>Cooper</u> did not explicitly foreclose utilizing the
27 procedures set forth in SSR 83-12, including the taking of testimony from a VE, where a claimant's limitations precluded the full range of light work.
28

1

**ORDER**

2          IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the

3    Commissioner of Social Security.

4          LET JUDGMENT BE ENTERED ACCORDINGLY.

5

6    DATED: <u>July 16, 2010</u>                                    <u>           /s/ John E. McDermott           </u>

7                                                                              JOHN E. MCDERMOTT
                                                                              UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28